[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 4, 2005
THOMAS K. KAHN
CLERK**

No. 04-12635
Non-Argument Calendar
_____

D. C. Docket No. 03-80037-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HANRI RASEAN INGRAHAM
a.k.a. Bobby Q. Ingraham,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 4, 2005)**

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Hanri Rasean Ingraham pleaded guilty to two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to eighty-four months' imprisonment. He argues on appeal that his sentence is unconstitutional in light of United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), because his sentence was enhanced as a result of findings made by the district court that went beyond the facts admitted by him or found by the jury.

Because Ingraham did not raise this argument before the district court, our review is only for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotations and citations omitted).

Ingraham met the first two prongs of the plain error test by demonstrating that the district court committed an error that is plain. See id. at 1298–99. As for the third prong of the plain error test, Ingraham has the burden of showing that the error has affected his substantial rights. See id. at 1299. To do this, he must

establish that "there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge."[1]  Id. at 1301.

There is no evidence in the record to suggest that the district court would have given Ingraham a lesser sentence had it applied the guidelines in an advisory instead of binding fashion.  As a result, Ingraham has failed to satisfy the third prong of the plain error test.  See id.

AFFIRMED.

---

[1] Ingraham suggests that he need not demonstrate a reasonable probability of a different result if the guidelines had been applied in an advisory fashion by the district court because, according to him, the error is "structural" in nature.  He argues that, since the error is structural, the third prong's substantial rights analysis is automatically met.

Although not explicitly addressed in our Rodriguez opinion, it is clear that this Court has rejected the notion that Booker constitutional error is structural.  See generally Rodriguez, 398 F.3d at 1291; see also United States v. Rodriguez, ___ F.3d. ___ (11th Cir. Apr. 19, 2005) (denial of reh'g en banc) (Carnes, J., concurring); but see id. (Tjoflat, J., dissenting).

3

TJOFLAT, Circuit Judge, concurring specially:

As I explain in my dissent to the court's refusal to rehear Rodriguez en banc, the error in a case such as this—where the district court enhances the defendant's sentence on the basis of facts not admitted by the defendant or found by a jury—is structural error, and the third prong of the plain-error test is, therefore, inapplicable. See United States v. Rodriguez, — F.3d —, 2005 WL 895174 (11th Cir. Apr. 19, 2005) (Tjoflat, J., dissenting from the denial of rehearing en banc). Accordingly, the court should consider whether the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 736, 113 S. Ct. 1770, 1779, 123 L. Ed.2d 508 (1993). The court declines to do that because, as I agree, it is Rodriguez bound.